**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4577**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL THOMAS BASSETT, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever, III, Chief District Judge.  (7:13-cr-00120-D-1)

Submitted:  February 25, 2015          Decided:  March 3, 2015

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Thomas Bassett, Jr., pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012), and was sentenced to 210 months of imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, Bassett's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court imposed a substantively unreasonable sentence by sentencing him within the imprisonment range called for by U.S. Sentencing Guidelines Manual § 2G2.2 (2013). The Government has filed a motion to dismiss. For the reasons that follow, we dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir.

2005). Our review of the record leads us to conclude that Bassett knowingly and voluntarily waived the right to appeal his sentence, except for circumstances not extant in this appeal. His plea hearing was conducted in compliance with Rule 11 and we therefore grant the Government's motion to dismiss the appeal of Bassett's sentence.

In accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues not foreclosed by Bassett's appellate waiver. We therefore affirm Bassett's conviction. This court requires that counsel inform Bassett, in writing, of the right to petition the Supreme Court of the United States for further review. If Bassett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bassett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>